**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TYRECE WILLIAMS, | ) | |
| | ) | Case No. 25-cv-13620 |
| *Plaintiff*, | ) | |
| *v.* | ) | Hon. Elaine E. Bucklo |
| | ) | District Judge |
| REYNALDO GUEVARA, STEPHEN | ) | |
| GAWRYS, RAPHAEL RAMOS, | ) | **JURY TRIAL** |
| WILLIAM O'DONNELL, JOHN | ) | **DEMANDED** |
| LEONARD, GERI LYNN YANOW | ) | |
| as special representative for the | ) | |
| ESTATE OF ERNEST | ) | |
| HALVORSEN, EDWARD | ) | |
| KIJOWSKI, EDWARD MINGEY, | ) | |
| STEPHEN KUHN, ROBERT | ) | |
| BIEBEL, the CITY OF CHICAGO, | ) | |
| PAULA BECKER, and COOK | ) | |
| COUNTY. | ) | |
| Defendants. | ) | |
| Defendants. | ) | |
| | ) | |

**PARTIES' JOINT INITIAL STATUS REPORT**

1. **Meeting.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 14, 2026 over Zoom and was attended by Clara Presler and Steve Art from Loevy & Loevy on behalf of Plaintiff Tyrece Williams; Timothy Scahill and Andrea Checkai from Borkan & Scahill on behalf of Officer Guevara; Carl M. Johnson and Madeline VanSchelven from The Sotos Law Firm on behalf of the remaining Officer Defendants; Catherine Barber and Lauren Ferrise from Rock Fusco & Connelly, on behalf of the City of Chicago. Defendants Paula Becker, Robert Biebel, and Stephen Kuhn were excused from this conference by virtue of their pending motions to dismiss. (Dkt. Nos. 67, 110.)

2. **Pretrial Schedule.** The parties propose to the court the following discovery plan:

   Pleadings must be amended and additional parties added by June 23, 2026.

3. **Discovery Schedule.** Discovery will be needed on (1) whether Defendants fabricated false evidence, including false witness statements and false testimony, which was used against Plaintiff during his criminal proceedings, in violation of his right to due process; (2) whether Defendants suppressed exculpatory evidence, including evidence that Defendants had manufactured false identifications of Plaintiff and false witness

1

statements, in violation of due process; (3) whether Defendants caused a criminal case to be instituted or continued against Plaintiff without probable cause, and whether Plaintiff was deprived of his liberty as a result; (4) whether Defendants failed to intervene to prevent the violation of Plaintiff's constitutional rights; (5) whether Defendants conspired to violate Plaintiff's rights; (6) whether Plaintiff's constitutional rights were violated as the result of an alleged policy or practice on the part of the City of Chicago to violate the due process rights of criminal defendants; (7) the underlying facts and circumstances leading up to the incidents at issue; (8) Plaintiff's guilt or innocence for the underlying crimes; (9) the damages that Plaintiff has suffered as a result of his wrongful conviction; and (10) Defendants contend that one major legal and factual issue is whether their alleged individual conduct is protected by immunity. Defendants anticipate that further legal and factual issues will become apparent through discovery.

(a) Disclosures

Proposed Deadline for Disclosures pursuant to Fed. R. Civ. P. 26(a)(1): June 18, 2026

Plaintiff's proposed deadline for close of fact discovery:[1]
December 9, 2026.

Defendants' proposed deadline for close of fact discovery:[2]

---

[1] Plaintiffs' proposed dates for discovery are based on Plaintiff's counsel's experience in other pending litigation involving former Detective Guevara and the fact that much of the discovery into Defendant Guevara's other bad acts and the City's *Monell* liability on multiple theories of liability have already been completed in other cases. In Plaintiff's view, this means his case can be prepared more expeditiously for trial. Moreover, there is no need to stagger *Monell* discovery. The *Monell* discovery has already been completed in other cases, and any remaining clean up the parties need to do on this front should happen at the same time as other discovery not after. The City has not moved to bifurcate discovery in this case, and the Court should not do it in response to a status report. Other courts have rejected the City's effort to de facto bifurcate *Monell* discovery or otherwise declined to do so, *see, e.g.*, *Flores v. Guevara, et al.*, 1:23-cv-01736, Dkt. 37; *Lugo v. Guevara, et al.*, 1:23-cv-1738, Dkt. 41; *Gecht v. Guevara, et al.*, 1:23-cv-01742, Dkt. 112; *see also Kruger v. Guevara et al.*, 1:25-cv-14304, Dkt. 50 ("It is not the Court's practice to subdivide discovery."), and there is even less reason to phase discovery given that two dozen Guevara cases have been litigated at this point.

[2] Defendants' proposed dates for discovery are based on defense counsel's experience in other pending litigation involving former Detective Guevara. In fact, in several other filed cases involving Defendant Guevara, the courts have entered scheduling orders that mirror Defendants' proposal. In addition, again based on their experience, in other cases, Defendants propose staggering *Monell* discovery such that the parties focus their efforts on discovery pertaining to the underlying case first. This has been the approach taken in several cases involving Defendant Guevara. *See Rodriguez v. Guevara et al*, 22-cv-6141 (dkt. 68) (Judge Harjani deciding that based on the Court's experience managing discovery in the *Solache* and *Reyes* cases involving Defendant Guevara, phasing discovery is the most efficient way to manage discovery), *Rivera v. Guevara et al*, 23-cv-01743 (dkt. 40), and *Rosario v. Guevara et al*, 24-cv-11278 (dkt. 111), and all initially setting a non-*Monell* fact discovery deadline of approximately a year. Other judges have entered similar scheduling orders, either staggering or deferring *Monell* discovery all together. *See Abrego v. Guevara*, et al, 23-cv-1740 (dkt. 47), *Martinez v. Guevara et al*, 23-cv-1741 (dkt. 40), *Mendoza v. Guevara at al*, 23-cv-2411 (dkt. 73), *Andino v. Guevara et al*, 23-cv-14283, *Santiago v. Guevara et al*, 23-cv-14284, (dkt. 62), *Hernandez v. Guevara et al*, 23-cv-1737 (dkt. 101), and *Robinson*

2

Defendants propose May 19, 2027 for non-*Monell* discovery and to set a *Monell* discovery cutoff date after the completion of discovery on the underlying case.

(b) The parties expect they will need approximately 24 depositions.

(c) Reports from retained experts under Rule 26(a)(2) due:

Plaintiff's proposed schedule:
Date for plaintiff to comply with Fed. R. Civ. P. 26(a)(2): March 9, 2027.
Date for defendants to comply with Fed. R. Civ. P. 26(a)(2): April 9, 2027.
Plaintiff's Rule 26(a)(2) rebuttal disclosures: April 30, 2027.

Defendants' position regarding expert discovery deadlines:
Defendants submit that setting an expert discovery deadlines is premature until the parties better understand the contours of what fact discovery will be required (likely after discovery is partially underway).

If the court is inclined to set deadlines for expert discovery now, Defendants propose:

Date for plaintiff to comply with Fed. R. Civ. P. 26(a)(2): July 10, 2027.
Deadline for defendants to depose plaintiff's experts: September 17, 2027
Date for defendants to comply with Fed. R. Civ. P. 26(a)(2): November 16, 2027.
Deadline for plaintiff to depose defendants' experts: January 17, 2028
Close of expert discovery: January 17, 2028.

(d) All potentially dispositive motions should be filed by:

Plaintiff submits that summary judgment briefing here will not be in the interests of judicial economy or the parties' time and resources. In other cases filed against Detective Guevara, summary judgment has generally been denied. If the court is inclined to set a summary judgment schedule, Plaintiff proposes that Defendant be required to file their motion by April 30, 2027, with oppositions due May 28, 2027 and any reply due June 11, 2027.

Defendants disagree with Plaintiff's assessment regarding summary judgment. Moreover, to the extent Plaintiff attempts to prohibit Defendants from filing summary judgment motions, that is inappropriate and unprecedented. Defendants submit that setting a filing deadline for dispositive motions is premature until the parties better understand the contours of what fact discovery will be required (likely after discovery is partially underway).

---

v. *Guevara et al*, 24-cv-5954 (dkt. 45), *see also Myles v. Wojcik,* 23-cv-14280 (dkt. 140). Separately, defense counsel notes that Defendant Paula Becker is not a party to the referenced litigation.

3

(e) Final pretrial order:

The parties submit that assigning these deadlines is premature until the litigation is further along.

(f) Plaintiff's position: The case should be ready for trial by July 30, 2027 and at this time is expected to take approximately 15 trial days.

Defendants' position: Defendants submit that setting a trial date and length is premature until the litigation is further along. Defendants disagree with Plaintiff's assessment of 15 trial days. If *Monell* is not bifurcated the trial will be 4 to 5 weeks long.

4. **Settlement.** The parties have had preliminary settlement discussions and will let the Court know if they require the Court's assistance.

5. **Consent.** Parties do not consent unanimously to jurisdiction by the assigned Magistrate Judge.

Date: May 19, 2026

Respectfully Submitted,

**Attorneys for Plaintiff Williams**

/s/ Steve Art

Steve Art
Clara Presler
Lyla Wasz-Piper
Loevy & Loevy
311 North Aberdeen St, 3rd Floor
Chicago, IL 60602
(312)-243-5900
steve@loevy.com
presler@leovy.com

**Attorneys for City of Chicago**

/s/ Catherine Barber

Catherine Barber
Lauren Ferrise
Eileen E. Rosen
Rock Fusco & Connelly, LLC

**Attorneys For Defendant Officers**

/s/ Carl M. Johnson

Carl M. Johnson
Josh M. Engquist
Jeffrey R. Kivetz
Madeline VanSchelven
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Tel: (630) 735-3300
cjohnson@jsotoslaw.com

**Attorney for Reynaldo Guevara**

/s/ Steven B. Borkan

Steven B. Borkan
Timothy P. Scahill
Graham P. Miller

4

333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
312-494-1000
cbarber@rfclaw.com
lferrise@rfclaw.com

Amanda C. Guertler
Drew E. Wycoff
Vivian A. Rotolo
Andrea Checkai
Borkan & Scahill, Ltd,
20 South Clark Street, Suite 1700
Chicago, IL 60603
(312)-580-1030
acheckai@borkanscahill.com

5